IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

K.I and BRENDA IRBY,                )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )       CASE NO. 2:09-cv-752-MHT
                                    )       [wo]
MONTGOMERY COUNTY BOARD             )
OF EDUCATION, *et al.*,             )
                                    )
        Defendants.                 )

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United

States Magistrate Judge for review and submission of a report with recommended findings

of fact and conclusions of law (Doc. 11, filed September 2, 2009). Pending before the Court

is *Defendants' Motion to Dismiss* (Doc. 7, filed August 24, 2009). For good cause, it is the

recommendation of the Magistrate Judge to grant in part and deny in part the motion to

dismiss.

## I. BACKGROUND

*Pro se* Plaintiffs K.I. and Brenda Irby ("Plaintiffs") filed a Notice of Appeal on June

5, 2009 in the Circuit Court of Montgomery County. *See* Doc. 1, Exhibit D. The appeal is

a judicial review of a decision made in relation to an Individuals with Disabilities Education

Act case. Plaintiffs followed with the filing of a supplemental Petition for Review on June

10, 2009. *See* Doc. 1, Exhibit E. On August 7, 2009, Defendants removed this case to

federal court.  *See* Doc. 1 generally.

Plaintiffs appeal the due process hearing decision issued on April 11, 2009.  In their appeal, Plaintiffs name as defendants the Montgomery County Board of Education, John Dilworth in his individual and official capacities, Clay Slagle in his individual and official capacities, the Alabama State Department of Education, Dr. Joseph Morton in his individual and official capacities, Hearing Officer Wesley Romine in his official and individual capacities, and attorney Erika Tatum in her individual and official capacities.  *See e.g.*, Doc. 1, Exhibit E.  Specifically, Plaintiffs say that Defendant Romine's decision should be reviewed because it is inconsistent with (1) fundamentals of due process and (2) the requirements set forth in the Alabama Administrative Code's procedural safeguards.  *Id*. at p. 3.  Plaintiffs aver the defendants failed to protect Plaintiffs' rights, refused to comply with the procedural safeguards in state law, engaged in *ex parte* communications, refused to issue subpoenas, and refused to comply with evaluation requirements.  *Id*. at p. 3-4.  Further, Defendant Romine refused to recuse himself despite a supposed conflict of interest.  *Id*. at p. 4.  As a result of these alleged violations, Plaintiff K.I. has been denied a free appropriate public education.  *Id*.  Plaintiffs assert their appeal pursuant to 20 U.S.C. § 1415(i)(2) and seek private placement at public expense, punitive damages, and compensatory damages. *Id*. at p. 4-5.

On August 24, 2009, Defendants filed a joint Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.  *See* Doc. 7.  In response to a Court order, Plaintiffs

filed a brief in opposition on September 11, 2009. *See* Doc. 13. Therefore, the motion has been fully briefed and is ripe for this Court's review.

## II.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 20 U.S.C. § 1400 *et seq.* (Individuals with Disabilities Education Act). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III.   STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, — U.S. — , — , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.). In considering a defendant's motion

to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S.Ct. at 1966. Further, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While

---

[1]      In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id*.  It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery."  *Id*. at 1968 (internal quotation and alteration omitted).  That said, a complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts. *Twombly*, 550 U.S. at 555-56, 127 S.Ct. at 1965-66.  Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low."  *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

## IV.  DISCUSSION AND ANALYSIS

The IDEA, 20 U.S.C. § 1440 *et seq.*, provides federal money to state and local educational agencies as assistance to educate handicapped children, on the condition that states and local agencies implement the substantive and procedural requirements of the Act. The primary purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living."  20 U.S.C. § 1400(d)(1)(A).  The

IDEA also provides an extensive framework under which parents can "present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or provision of a [FAPE] to such child."  28 U.S.C. § 1415(b)(6).  Parents first request "an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency."  28 U.S.C. § 1415(f).  If the parents are dissatisfied with the decision resulting from the due process hearing, they can then bring a civil action in either state or federal court.  20 U.S.C. § 1415(i)(2)(A).

## A.   Individual Defendants and the Alabama State Department of Education

With the exception of the Montgomery County Board of Education ("MCBOE"), none of the defendants were parties to the administrative due process hearing underlying this proceeding.  *See* Doc. 1, Exhibit B.  In their motion to dismiss, Defendants assert that the claims against them "would not be ripe for review as the plaintiffs have failed to exhaust administrative remedies that are specified in the IDEA and that must be exhausted as a precondition to filing an action seeking judicial relief under the statute."  *See* Doc. 7 at p. 10.  Plaintiffs state they have exhausted all their administrative remedies and also that the exhaustion requirement is not absolute.  *See* Doc. 13 at p. 16.  While not specifically applying it to their situation, Plaintiffs rely on caselaw which states the administrative process does not have to be invoked when it would be futile or inadequate.  *Id*. at 16-18.

"The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate

administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." *N.B. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996) (citing *Ass'n for Retarded Citizens of Alabama v. Teague*, 830 F.2d 158, 160 (11th Cir. 1987)). "Key reasons for requiring the exhaustion of administrative remedies are as follows: 1) to permit the exercise of agency discretion and expertise on issues requiring these characteristics; 2) to allow the full development of technical issues and a factual record prior to court review; 3) to prevent deliberate disregard and circumvention of agency procedures established by Congress; and 4) to avoid unnecessary judicial decisions by giving the agency the first opportunity to correct any error." *Id*. at 1378-79. The IDEA also allows plaintiffs to seek remedies under the Constitution and other federal laws, but these claims are also subject to an exhaustion requirement. *See* 20 U.S.C. § 1415(l); *see also Babicz v. Sch. Bd. of Broward County*, 135 F.3d 1420, 1422 n. 10 (11th Cir. 1998) ("any student who wants relief that is available under the IDEA must use the IDEA's administrative system, even if he invokes a different statute.")

However, Plaintiffs are correct in that the exhaustion requirement is not jurisdictional and therefore should not be applied inflexibly. *N.B.*, 84 F.3d at 1379 (citations omitted). "The exhaustion of administrative remedies is not required where resort to administrative remedies would be 1) futile or 2) inadequate." *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1159 (11th Cir. 2006) (quoting *N.B.*, 84 F.3d at 1379). The burden of demonstrating this is on the party seeking exemption from the exhaustion requirement. *Id*. (citing *Honig*

*v. Doe*, 484 U.S. 305, 327, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988)).  "[S]peculative allegations of futility and inadequacy simply fail to sustain this burden."  *Id*.

In the case at hand, Plaintiffs make blanket references to satisfying their administrative remedies, futility, and inadequacy.  However, a review of the pleadings shows that the individual defendants and the Alabama State Department of Education were not named defendants in the underlying administrative proceeding.  Therefore, the administrative exhaustion requirement has not been met, nor have the plaintiffs carried their burden to show exemptions.  *See, e.g. Horen v. Bd. of Educ. of the Toledo City Sch. Dist.*, 594 F.Supp.2d 833, 845 (N.D. Ohio 2009) (citing prior opinion in same civil action - *Horen v. Bd. of Educ. of the Toledo City Sch. Dist.,* 568 F.Supp.2d 850, 856 (N.D. Ohio 2008)) (The IDEA does not permit the aggrieved party to join any parties in a judicial appeal who were not included in the administrative complaint); *McGraw v. Board of Education of Montgomery County*, 952 F.Supp. 248, 255 (D. Md. 1997) (noting that the state department of education "was not a party to the administrative proceedings that are on appeal in this Court, no claims were raised against the State defendants in those proceedings, and thus no issues regarding the State Defendants' conduct should be included in an appeal in this case."); *Whitehead By and Through Whitehead v. Sch. Bd. For Hillsborough County*, 932 F.Supp. 139, 1396 (M.D. Fla. 1996) (dismissal of the state Department of Education because it was not included as a defendant in the prior due process proceeding).   Therefore, the claims against Defendants Tatum, Morton, Romine, Dilworth, Slagle, and the Alabama State Department of Education

merit dismissal.  The Court need not look to the remaining reasons for dismissal asserted by these defendants.

**B.    Montgomery County Board of Education**

The remaining defendant, Montgomery County Board of Education (MCBOE), asserts two reasons as basis for dismissal of it as a defendant.  *See* Doc. 7 at p. 2-4.[2]  The Court will address each in turn.

**i.    Statute of Limitations**

MCBOE argues the appeal filed by Plaintiffs is barred by statute of limitations. Specifically, MCBOE asserts that the lack of a filing fee paid concurrent with the Notice of Appeal filed in Montgomery County Circuit Court means that the appeal is barred by the thirty day statute of limitations established by ALA. ADMIN. CODE r. 290-8-9-.08.  ALA. ADMIN. CODE r. 290-8-9-.08 states: "The party bringing the civil action must file a notice of intent to file a civil action within 30 days after receipt of the hearing decision. The party must file the civil action within 30 days of the filing of the notice of intent."

MCBOE  relies on *De-Gas, Inc. v. Midland Resources*, 470 So.2d 1218 (Ala. 1985) for the proposition the appeal is untimely because Plaintiffs did not pay a filing fee prior to the expiration of the thirty day period.  In *De-Gas*, plaintiffs delivered summones and a complaint to the office of the circuit clerk of Jefferson County on June 14, 1983.  *De-Gas*, 470 So.2d at 1219.  The complaint alleged breach of contract and fraud.  *Id*.  No filing fee

---

[2]    The remaining reasons asserted in the motion to dismiss are only applicable to the individual defendants and the Alabama State Department of Education.

was paid at that time.  *Id*.  The filing fees were finally paid by plaintiffs on August 5, 1983 and service was then effected.  *Id*.  The statute of limitations on the fraud claim expired between the time the complaint was delivered to the clerk's office and the time the filing fee was paid.  *Id*.  The Alabama Supreme Court based its analysis on the general fee payment procedure outlined in ALA. CODE § 12-19-70 which provides:

> (a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.

> (b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.

ALA. CODE § 12-19-70.  The Alabama Supreme Court held that the plaintiffs were barred by the statute of limitations because the action did not commence until the filing fees were paid. *De-Gas*, 470 So.2d at 1221-22.  More specifically, the court held that a plaintiff's failure to pay the docket fee when he files his complaint is one indication that the plaintiff has no bona fide intent to proceed with the action and that unless the plaintiff pays the filing fee and provides for service of process at the time he files the complaint, the defendant will have no notice that an action has been brought against him.  *Id*. at 1220-22.

The situation at present involving the Plaintiffs is more similar to the situation in *Finch v. Finch*, 468 So.2d 151 (Ala. 1985) wherein the Alabama Supreme Court held that payment of the filing fee within the time allowed for an appeal to the circuit court is NOT a jurisdictional requirement for perfecting an appeal.  *See also De-Gas*, 470 So.2d at 1222

(specifically citing *Finch* and noting that an appeal to the circuit court is readily distinguishable from the situation with the *De-Gas* plaintiffs). "Where an appeal is involved, the non-appealing party is already well aware of the existence of the action. Further, although a filing fee is required in an appeal, there is no provision requiring the payment of the fee *at the time the appeal is filed*." *Id.* (emphasis in original). Therefore, the Court rejects MCBOE's proposition that the statute of limitations has barred the Plaintiffs' action because they failed to file a docket fee concurrent with the Notice of Appeal.

Another issue is intertwined with the *De-Gas* analysis. The Court deems the statute of limitations argument asserted by Defendants[3] is not only disingenuous, but also misleading. Defendants cite to *De-Gas* as the authority for their statute of limitations proposition, but in the text of that very case, the Alabama Supreme Court explicitly states the holding is not applicable when the action is an appeal – like the case at hand. *See id* at 1222. Further, the Court is also concerned that the Defendants appear to have left out a crucial fact in their statute of limitations "timetable." After Judge Hardwick denied the substantial hardship request on June 24, 2009, a hearing on the matter was scheduled wherein Judge Hardwick would reconsider the matter. *See* Doc. 13 at p. 5. Thus, the issue of whether filing fees would be required was still at issue until Plaintiffs instead paid the filing fees on July 21, 2009. *See id.* Defendants do not acknowledge this in their motion to dismiss, but instead

---

[3]    While the analysis preceding this comment is only applicable to MCBOE, the admonishment here is applicable to all Defendants and their counsel because this motion to dismiss was submitted and signed jointly. Therefore, each signatory is responsible for the entire motion and its representations.

imply to the court that the denial on June 24, 2009 was the end of the matter and that

plaintiffs instead took their sweet time in waiting until July 21, 2009 to pay the filing fee.

For both the reasons cited above, the Court reminds defendants that they are subject to FED.

R. CIV. P. 11 and should specifically look to subsection (b) relating to representations to the

Court and subsection (c) on sanctions.

### ii.    Failure to Comply with Federal Rules of Civil Procedures

MCBOE asserts that Plaintiffs' complaint fails to comply with Rule 8 of the Federal

Rules of Civil Procedure.  However, what they fail to note is that at the time of filing, the

Federal Rules of Civil Procedure were inapplicable as this was filed in Montgomery County

Circuit Court.[4]  Defendants were the ones to remove the case to federal court on August 7,

2009 and then two weeks later filed this motion to dismiss.  *See* Docs. 1 and 7.  Based on this

timeline, Plaintiffs never had the opportunity to comply with the Federal Rules of Civil

Procedure.  It would simply be inequitable for defendants to remove the case and then for this

court to immediately dismiss the case for failure to comply with rules which just became

applicable.

Further, nothing in ALA. ADMIN. CODE r 290-8-9-.08(9)(c)(15) states what is required

in the appeal to the courts.  Rather, it states "[i]n any civil action brought, the court shall

receive the records of the administrative proceedings; hear additional evidence at the request

of a party; and basing its decision on the preponderance of the evidence, grant the relief that

---

[4]    The Court will not address the Alabama rules as they were neither mentioned nor
relied upon by the defendants.

the court determines to be appropriate."  While it is paramount that Defendants be made

aware of an appeal, it cannot be said that they were unaware the issues Plaintiffs sought to

vindicate on appeal - specifically that Plaintiffs were appealing "the decision entered herein

on April 11, 2009, by the State of Alabama appointed special education due process hearing

officer, Wesley Romine, in the above captioned action."  *See* Doc. 1, Exhibit D.  While that

may be short, the Notice provides Defendants with adequate information to know that the

decision itself was at issue.  As this is a judicial review of a final decision in a administrative

proceeding, the Complaint itself need not be detailed.  Much like a social security appeal, the

complaint is short, followed up by a more detailed brief and record itself.  Another analogy

would be the federal appellate process.  The party first files a Notice of Appeal and then

subsequently follows up with an appellate brief.  Therefore, the Court rejects the request for

dismissal under Rule 8 and 12(b)(6) of the federal rules of civil procedure.[5]

---

[5]        The Court also notes that it also rejects the statement that "the filing of any
complaint at this junction would also be time barred.  Federal courts routinely provide parties the
opportunity to amend defective pleadings.  Further, "*pro se* pleadings are held to a less strict
standard than pleadings filed by lawyers and thus are construed liberally."  *Alba v.
Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *see also Giles v. Wal-Mart Distribution
Center*, 2009 WL 5064351, *2 (11th Cir. 2009) (discussing underlying district court and
its instructions to *pro se* plaintiff regarding procedural deficiencies in the complaint).  So
long as new claims are not asserted then the statute of limitations does not bar amendments
fixing procedural deficiencies.  A basic jurisprudential legal concept pertaining to the statute of
limitations is that the commencement of an action stops the limitations clock with regard to that
specific claim.  Therefore, a court order to revise a defective complaint, especially in light of the
fact plaintiffs are *pro se*, would not bar such a complaint so long as plaintiffs do not attempt to
piggyback new claims.  However, at this time, the Court applies"the liberal construction to
which *pro se* pleadings are entitled." *Holsomback v. White,* 133 F.3d 1382, 1386 (11th
Cir. 1998).  Consequently, the Court does not determine that this is even necessary as the
Petition for Review added to the Notice of Appeal clearly provides notice as to the specifics of

## V. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)     *Defendants' Motion to Dismiss* (Doc. 7) be **GRANTED in part** and **DENIED in part**.

(2)     *Defendants' Motion to Dismiss* (Doc. 7) be **GRANTED** in that Plaintiffs' claims against Defendants Alabama State Department of Education, Erika Tatum, Wesley Romine, John Dilworth, Clay Slagle, and Dr. Joesph Morton be dismissed without prejudice.

(3)     *Defendants' Motion to Dismiss* (Doc. 7) be **DENIED** as to Defendant Montgomery County Board of Education.

(4)     This case be referred back to the Magistrate Judge for additional proceedings.

**IT IS FURTHER ORDERED** that the parties file any objections to this *Recommendation* on or before **February 19, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

---

the appeal. Therefore, the next stage would be full briefing by the parties followed by a judgment on the record.

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 5th of February 2010

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE