```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

```
K.I. and BRENDA IRBY,        )
                             )
    Plaintiffs,              )
                             )      CIVIL ACTION NO.
    v.                       )      2:09cv752-MHT
                             )          (WO)
MONTGOMERY COUNTY BOARD      )
OF EDUCATION, et al.,        )
                             )
    Defendants.              )
```

ORDER

After and independent and de novo review of the record, it is ORDERED as follows:

(1) The objections (doc. nos. 18 and 20) are overruled.

(2) The magistrate judge's recommendation (doc. no. 17) is adopted.

(3) Defendants' motion to dismiss (doc. no. 7) is granted as to plaintiffs' claims against defendants Alabama State Department of Education, Erika Tatum, Wesley Romine, John Dilworth, Clay Slagle, and Joseph

Morton, and said defendants are dismissed without prejudice.

(4) Said motion to dismiss is denied as to defendant Montgomery County Board of Education.

It is further ORDERED that this cause is referred back to the magistrate judge for further appropriate proceedings.

* * *

The court adds these comments.

<u>Statute of Limitations</u>: Defendants Montgomery County Board of Education, Erika Tatum, John Dilworth, and Clay Slagle object to the magistrate judge's finding that the plaintiffs' action was timely filed.  Instead, they continue to assert the action was not timely filed and thus is barred by the statute of limitations.  The defendants' statute-of-limitations argument fails for two reasons.  First, the plaintiffs filed an application of financial hardship with their IDEA appeal.  While the

application was denied on June 24, 2009, the matter was set for reconsideration.  Consequently, the hardship request was, in essence, still pending.  The defendants leave that critical fact out of both their motion and the objections; instead, they imply that the plaintiffs simply delayed in not paying the filing fee until July 21, 2009.  Rather, the plaintiffs chose to pay the filing fee rather than pursue the reconsideration hearing.

Second, despite their assertions to the contrary, an IDEA action which appeals a due-process-hearing decision would be similar to the appellate situation specifically excluded in De-Gas, Inc. v. Midland Resources, 470 So. 2d 1218 (Ala. 1985).  The Alabama Supreme Court specifically exempted the payment of a filing fee as a jurisdictional requirement for perfecting an appeal to the circuit court.  De-Gas also relies on the proposition that the purpose behind the requirement to pay a filing fee in initiating an action is to ensure the defendants are aware of the action and the plaintiff has a bona fide

3

intent to pursue to the case.  Furthermore, De-Gas is not limited to solely probate appeals. See De-Gas, 470 So. 2d at 1222; see also Smith v. State of Alabama, 660 So. 2d 1320 (Ala. Civ. App. 1995) (stating that Alabama courts have applied De-Gas's holding to various types of administrative appeals).  The Smith decision aptly notes that cases dealing with an appeal to the Alabama Circuit Courts are different from original actions when it comes to a jurisdictional prerequisite of paying a filing fee. Id. at 1323-24; see also Finch v. Finch, 468 So. 2d 151 (Ala. 1985); Luce v. Huddleston, 628 So. 2d 819 (Ala. Civ. App. 1993); Rubin v. Dep't of Indus. Relations, 469 So. 2d 657 (Ala. Civ. App. 1985).

In Finch, the Alabama Supreme Court held that payment of the filing fee within the time allowed for appeal of a final settlement of an estate from the probate court to the circuit court was not a jurisdictional requirement for perfecting the appeal.  468 So.2d at 154. In Luce, the court held that the posting of security for costs

4

need not be contemporaneous with the timely filing of the notice of appeal in an appeal from the district court to the circuit court. 628 So. 2d at 820. In Rubin, the plaintiff's claim for unemployment-compensation benefits was denied. 469 So. 2d at 658. Like the present case, the plaintiff in Rubin filed in the circuit court a notice of appeal and an affidavit of substantial hardship, requesting that the docket fee be waived. Because the affidavit was not approved by the circuit judge until after the time for appeal had expired, the defendant argued that the failure to pay the filing fee within the appeal time frame was jurisdictional. The court disagreed and held that, "when claimant presented the notice of appeal and affidavit of substantial hardship to the clerk, the case is deemed to have been filed, notwithstanding that the clerk failed to enter the case on the docket until the judge signed the affidavit." Id.

Finally, nothing in the applicable Alabama Administrative Code provisions enumerates that the payment of a filing fee at the time of filing is jurisdictional. Specifically, Ala. Admin. Code r. 290-8-9-.08(9)(c)(16) states: "The party bringing the civil action must file a notice of intent to file a civil action within 30 days after receipt of the hearing decision. The party must file the civil action within 30 days of the filing of the notice of intent."[*] There is no reference to a jurisdictional prerequisite to pay a filing fee. Rather, the only jurisdictional prerequisite specifically mentioned is the 30-day time-frame for filing a notice of intent followed by a 30-day time-frame to file the civil action. See Smith, 660 So. 2d at 1324 (statute's specific enumeration of jurisdictional matters while omitting reference to filing fees "implies an

---

    *   The defendants continue to cite to "Alabama Administrative Code § 290-9-0.08(9)(c)(16)," but the relevant portions they rely on are actually Ala. Admin. Code r. 290-8-9-.08(9)(c)(15) and Ala. Admin. Code r. 290-8-9-.08(9)(c)(16).

6

intention to exclude other requirements not so included."); see also Price v. Time, Inc., 304 F. Supp. 2d 1294, 1301 (N.D. Ala. 2004).

Based on the above, the court rejects the defendants' proposition that the statute of limitations has barred the plaintiffs' action.

<u>Failure to Exhaust Administrative Remedies and Failure to Timely Appeal</u>: The plaintiffs assert that they have exhausted administrative remedies as to the remaining defendants. The plaintiffs initially made a due-process complaint on May 5, 2008, against a number of defendants. A due-process hearing was held on June 17 and the decision released on June 23. The plaintiffs did not file a timely appeal relating to that decision in either this court or state court. However, the plaintiffs did file a second due-process-hearing request on August 25. The hearing officer properly advised the parties that the only issues he could consider would be those based on events that occurred since the first

7

decision was released.  The second due-process hearing occurred on April 17, and the plaintiffs then filed their appeal.

To the extent the plaintiffs attempt to rely on the first due-process decision, any appeal relating to that decision is untimely and therefore barred by the statute of limitations.  However, the second due-process decision did not include the individual defendants or the Alabama State Department of Education.  In short, to the extent that they attempt to rely on issues pertaining to the first due-process decision, the plaintiffs may not because they failed to file a timely appeal of that decision.  To the extent that they seek to make new claims against those defendants, the plaintiffs failed to exhaust their administrative remedies.

DONE, this the 29th day of March, 2010.

                    /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE